UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ELIZABETH AMY, as parent,
natural guardian, and next friend
of WESLEIGH AMY, a minor; and
ELIZABETH AMY, individually,

    Plaintiffs,

v.                                CASE NO.

CARNIVAL CORPORATION,
a Panama corporation d/b/a
"CARNIVAL CRUISE LINES;"

    Defendant.
_____/

## COMPLAINT FOR NEGLIGENCE AND JURY DEMAND

**ELIZABETH AMY** [hereafter "plaintiff"], individually, and as parent, natural guardian, and next friend of **WESLEIGH AMY**, a minor, sues **CARNIVAL CORPORATION**, a Panama corporation d/b/a "**CARNIVAL CRUISE LINES**" [hereafter collectively "**CARNIVAL**"], and alleges:

### General Allegations Common To All Counts

1. This is a tort action for maritime negligence for damages to a minor that are in excess of the sum of Seventy-Five Thousand ($75,000.00) Dollars; and jurisdiction of this claim is founded upon 28 U.S.C.A §1332 (diversity jurisdiction).

2. **ELIZABETH AMY** [hereafter "plaintiff"], at all relevant times, is the mother, natural guardian, and next friend of her daughter **WESLEIGH AMY** [hereafter "the minor plaintiff"] who was born in 2013.

3. The plaintiff and the minor plaintiff, at all relevant times, are U.S. citizens who reside and are domiciled in the State of Texas.

4. **CARNIVAL CORPORATION** [hereafter "CARNIVAL" or "defendant"] is a Panama corporation that operates "Carnival Cruise Lines" cruise ships, and has its principal place of business in Miami-Dade County.

5. The incident complained of in this lawsuit occurred on navigable water aboard a vessel engaged in traditional maritime activity, and were potentially disruptive of maritime commerce.

6. This action is being pursued in this court, as opposed to state court as otherwise allowed by the Saving To Suitors Clause of 28 U.S.C. §1333(1), because CARNIVAL, at all relevant times, unilaterally inserts a clause into its cruise ticket contracts that requires all passengers from anywhere in the world to file all cruise-related suits, "if at all," *only* in federal court *and only in this district and division*.

7. The claim in this lawsuit was timely presented in writing to CARNIVAL, and this lawsuit was timely filed, in accordance with the applicable time limits in the passenger ticket contract issued by CARNIVAL (as further extended by CARNIVAL in the writing attached as **Exhibit 1** hereto).

## COUNT I
### (Claim for Damages to Minor Plaintiff)

8. The minor plaintiff and her mother, father, and siblings [hereafter "the Amys" or "the Amy family"], at all relevant times, were fare-paying passengers aboard the *M/S Carnival Liberty* ["the subject vessel"] which at all relevant times is operated by CARNIVAL.

9. CARNIVAL and the subject vessel, at all relevant times, regularly transport passengers for hire between ports in the United States and foreign countries and are therefore marine common carriers of passengers.

10. CARNIVAL, at all relevant times, owed the Amy family the duty to exercise care for their safety required of a marine common carrier of passengers.

11. Alternatively, defendant CARNIVAL and/or its agents and employees, at all material times, engaged in certain affirmative undertakings, as hereinafter alleged; and so acquired a duty to exercise reasonable care in those undertakings.

12. CARNIVAL, at all relevant times invited and/or encouraged families with small children such as the Amys to take cruises with CARNIVAL.

13. CARNIVAL, at all relevant times, was aware of requirements of applicable U.S. Coast Guard regulations, building codes, and industry practices that, for safety reasons, required and/or recommended that outdoor railings on passenger vessels be limited in the width of their openings and/or guarded to keep

3

small children from climbing and/or passing through or over the railings and falling to the decks below or off the ship entirely.

14. CARNIVAL, at all relevant times, knew that failure to comply with these U.S. Coast Guard regulations, building codes, and industry practices would make it highly likely that small children would sustain serious injury or death.

15. CARNIVAL, upon information and belief, and prior to the incident complained of, knew that small children aboard its vessels had climbed and/or passed through vessel railings and fallen to lower decks or off the ship entirely, sustaining serious injury or death.

16. CARNIVAL, at all relevant times, knew and expected that adult passengers with children would from time to time become momentarily distracted by external stimuli provided by the shipboard environment.

17. CARNIVAL, at all relevant times, otherwise recognized and knew in general that passengers on board its ships are not familiar with typical ship arrangements and typical ship problems.

18. CARNIVAL, in inviting and encouraging parents to bring their children on CARNIVAL cruises and vessels, deliberately did not alert the parents to expect and/or to be constantly on the lookout for hazards to their children in the common guest areas aboard the vessels.

19. Instead CARNIVAL, at all material times, deliberately promoted and advertised its vessels as being a carefree, family fun environment so as to induce families to take cruises with their children. This promotion was seen and relied upon by the Amys.

20. CARNIVAL, in spite of its knowledge and experiences, and at all relevant times, knowingly specified and/or created and/or approved and/or maintained and/or tolerated outdoor railings aboard the subject vessel and other CARNIVAL vessels that did not comply with the aforementioned safety regulations, codes, and industry practices in that the railings could be climbed by small children and/or had openings of sufficient width to allow small children to pass through and fall to a lower deck.

21. On or about June 13, 2016, the minor plaintiff was standing outdoors with her father and older brother next to an outdoor railing [hereafter "the subject railing"] as the subject vessel was leaving Galveston, Texas.

22. The subject railing was substantially similar to other unprotected outdoor railings on CARNIVAL vessels that in CARNIVAL's experience and knowledge presented an unreasonable risk of injury or death to small children.

23. The minor plaintiff suddenly climbed over and/or passed through the subject railing and fell approximately nine (9) feet to the hard deck below, fracturing her skull. [hereafter "the subject incident"].

24. The subject incident occurred so quickly that the minor plaintiff's father had no time to intervene before it happened.

25. The subject incident was the result of CARNIVAL's negligence, in that:

   A. Carnival negligently created, specified, approved, and maintained the conditions in question, with knowledge of their danger; and,

   B. CARNIVAL negligently failed to correct the conditions in question, with knowledge of their danger; and,

   C. CARNIVAL negligently failed to orient and warn the plaintiff's parents regarding the existence of the conditions in question, whose dangers were fully appreciated by CARNIVAL, but generally unknown to passengers such as the plaintiff's parents; and,

   D. CARNIVAL negligently failed to take reasonable and feasible steps to child-proof the outdoor railings on the vessel, knowing full well that the passengers would never be in a position to do so; and,

   E. CARNIVAL otherwise negligently failed to maintain the vessel in a reasonably safe condition.

26. As a direct and proximate result of the subject incident and CARNIVAL's negligence, the minor plaintiff suffered bodily injury, aggravation of pre-existing conditions, physical and mental pain and suffering, disability, disfigurement, loss of capacity for enjoyment of life, costs of medical care and treatment, and loss of earnings and/or earning capacity. The injuries are permanent and the minor plaintiff will suffer these losses in the future.

WHEREFORE, the plaintiff ELIZABETH AMY, as parent, natural guardian, and next friend of WESLEIGH AMY, a minor, demands judgment for all damages legally allowable in favor of the minor plaintiff under the facts of the case against defendant CARNIVAL, jointly and severally, including but not limited to compensatory and consequential damages, costs and prejudgment interest, and further demands trial by jury.

## COUNT II
### (Elizabeth Amy - Individually)

27. Plaintiff ELIZABETH AMY, individually, has and will incur the cost of medical and health care and treatment of the minor plaintiff occasioned by the subject incident and the defendant's negligence.

WHEREFORE, the plaintiff ELIZABETH AMY, individually, demands judgment for damages against defendant CARNIVAL, jointly and severally, including but not limited to compensatory and consequential damages, costs and prejudgment interest, and further demands trial by jury.

ERIKSEN LAW FIRM
2161 Palm Beach Lakes Blvd., Ste. 410
West Palm Beach, FL 33409-6611
Tel:  866-493-9902 (Toll-free)
Fax:  561-533-8715
mde@travelaw.com
Attorney for Plaintiff

By: /s/ Michael D. Eriksen
    MICHAEL D. ERIKSEN
    Florida Bar No. 316016

## EXTENSION OF CONTRACTUAL TIME LIMIT PERIOD IN GUEST TICKET CONTRACT AND AGREEMENT TO MEDIATE

Claimant **WESLEIGH AMY a minor, by and through her biological parents and natural guardians**, (name) is asserting claim(s) against Carnival Cruise Line (hereinafter Carnival). Claimant hereby acknowledges the applicability of Carnival's Guest Ticket Contract to his/her claims including but not limited to the contractual time limit requirement to bring suit in the Southern District Court of Florida.

Claimant asserts his/her claim occurred on __June 13, 2016__ (claimed date of loss), such that suit must be filed in the Southern District Court of Florida by __June 13, 2017__ (date of original deadline to file suit) based on Carnival's Guest Ticket Contract. In an effort to reach a pre-suit settlement, Claimant has requested a written extension of the contractual limitations provision in the Guest Ticket Contract.

Carnival hereby agrees to extend the pertinent contractual limitations period by __75 Day__ (30, 60 or 90 days) until __January 31, 2018__ (date of extended deadline to file suit) for Claimant to file suit pursuant to the Guest Ticket Contract.

In exchange for Carnival's agreement to extend the contractual limitations period by more than 30 days, Claimant hereby agrees to appear in person for pre-suit mediation in Miami-Dade County, Florida, with a Florida Certified Mediator, without prejudice to any subsequent court mandated mediation.

**Each party agrees to bear half the cost of the pre-suit mediation.**

Dated: __November 09, 2017__

Signature for Claimants **biological parents and natural guardians**:

_[signatures]_

Signature for Carnival Cruise Line: _[signature]_

**EXHIBIT 1**