UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 18-cv-20324-UNGARO/O'SULLIVAN

ELIZABETH AMY, as Parent,
Natural Guardian, and Next Friend of
W.A., a minor; and ELIZABETH AMY,
individually,

    Plaintiff(s),

vs.

CARNIVAL CORPORATION, a
Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant,
_____/

## DEFENDANT'S REPLY IN SUPPORT OF OMNIBUS MOTION *IN LIMINE*

Defendant, Carnival Corporation d/b/a Carnival Cruise Line ("Carnival"), replies in support of its motion *in limine*,[1] and states:

**1. Plaintiff must be precluded from offering evidence, testimony, or argument regarding non-binding standards and regulations.**

Plaintiff centrally contends that the Eleventh Circuit's opinion in *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275 (11th Cir. 2015), effectively abrogated this Court's prior decision in *Whelan v. Royal Caribbean Cruises, Ltd.*, 2013 WL 5595938 (S.D. Fla. Aug. 12, 2013), regarding the inadmissibility of the non-binding standards Plaintiff relies on here. *Sorrels* is inapplicable and does nothing to disturb *Whelan*'s analysis.

---

[1] Plaintiff's response either agreed in total, or in large part, to Carnival's motions *in limine* 4, 5, 6, 7, 8, and 10. Carnival has not specifically replied to these motions, but will reincorporate its original arguments on these evidentiary issues.

*Sorrels* held that industry standards for the slipperiness of floors were relevant in cruise passenger negligence claims even where the standards applied to areas traversed by the cruise ship's workers. *Id*. at 1282. The Eleventh Circuit held that a pool deck, where the passenger fell, was accessible by both workers and passengers. *Id*. There was no basis to exclude the standard simply because the plaintiff was a passenger, not a worker. *Id*. Indeed, "[a] deck constructed of a single material (here, teakwood) cannot be designed to meet two different [coefficient of friction] standards—one for passengers and one for crew members—at the same time." *Id*.

*Sorrels* did not hold that any non-binding industry standard could be applied to any cruise passenger negligence claim. The Rules of Evidence, *e.g.*, issues of relevancy and unfair prejudice, still apply and govern admissibility of non-binding industry standards. As this Court found in *Whelan*, these standards are either irrelevant, unfairly prejudicial, or both.

Plaintiff contends that Clement testified that Carnival has begun implementing these land-based building codes on its vessels. Instead, he testified that railings on stairs had no applicable guidelines. [ECF No. 56-6 (Depo. p. 67)]. There may have been a "conversation" regarding the international building code for internal stairway railings for one particular ship (not the one at issue here), but he had no recollection of this. [ECF No. 56-6 (Depo. p. 70)]. Carnival's ships are ultimately approved in compliance with Coast Guard and classification society regulations; there was no wholesale adoption of land-based building codes. [ECF No. 56-6 (Depo. p. 66)].

Plaintiff also relies on *Holderbaum v. Carnival Corp*., 87 F. Supp. 3d 1345 (S.D. Fla. 2015), to argue that any non-binding industry standard are relevant. As outlined in Carnival's summary judgment briefing, *Holderbaum* is either wrong on this point or inapplicable. *Whelan*'s analysis represents the better-reasoned position, and should be followed here again. Plaintiff's

non-binding standards are irrelevant, confusing, misleading, unfairly prejudicial, and should be excluded.

2.     **Plaintiff must be precluded from offering evidence regarding the Disney *Wonder*.**

That a single Disney ship has plexiglass covering some of its rail courses is irrelevant and must be excluded. Evidence of others only becomes relevant when it rises to the level of an industry custom. *Sorrels*, 796 F.3d at 1282 (citing *Muncie Aviation Corp. v. Party Doll Fleet, Inc.*, 519 F.2d 1178, 1180 (5th Cir. 1975)). Plaintiff has not established that plexiglass is a custom at Disney Cruise Line, let alone the entire industry. What other cruise lines do or do not do is generally irrelevant. *Sofillas v. Carnival Corp.*, 2016 WL 5408168, *2 (S.D. Fla. Apr. 13, 2016). The evidence regarding the *Wonder* is irrelevant, confusing, misleading, and unfairly prejudicial; it must be excluded.

3.     **Plaintiff's expert should be precluded from offering testimony regarding parental vigilance.**

Fore testified that he is concerned with the design of the railing, not assigning any fault on the parties. [Fore Depo. p. 63]. Now, Plaintiffs want to utilize him to defect blame for their lack of supervision because neither of them saw how W.A. fell. He claims it is "natural and reasonable" for parents to take their eyes off their children from time-to-time. [Fore Depo. p. 64]. Plaintiff's counsel also stated during deposition that Fore is "not a psychologist, he can't get into the mind of these folks." [Fore Depo. p. 120]. This testimony is unfairly prejudicial, and should be excluded.

Motions *in limine*, as opposed to full-blown *Daubert* motions, are permissible to exclude certain portions of an expert's potential testimony. "Because of the powerful and potentially misleading effect of expert evidence, . . . sometimes expert opinions that otherwise meet the admissibility requirements may still be excluded by applying Rule 403." *United States v.*

3

*Frazier*, 387 F.3d 1244, 1263 (11th Cir. 2004) (internal citation omitted). Among other things, exclusion under Rule 403 "is appropriate if the probative value of otherwise admissible evidence is substantially outweighed by its potential to confuse or mislead the jury." *Id*. "Simply put, expert testimony may be assigned talismanic significance in the eyes of law jurors, and, therefore, the district courts must take care to weigh the value of such evidence against its potential to mislead or confuse." *Id*. Indeed, the district court "exercises more control over experts than over lay witnesses" when weighing the possible prejudice against probative value under the Rule. *Id*.

Having an engineering expert testify at trial about what parents do or do not do with their children will be unfairly prejudicial to Carnival based on the weight that a jury could impermissibly place on it. Fore was concerned with the design of the railings, he is not someone that can rebut an argument about the Amy parent's comparative negligence, which he seemingly wants to do. Any testimony regarding "caregiver vigilance" should be excluded under Rule 403.

**9.    Plaintiff's treating physicians and expert witnesses should be precluded from offering speculative testimony regarding future treatment and prognosis.**

   **a.    Dr. Aaron Mohanty**

Plaintiff concedes that Dr. Mohanty will not testify about any potential learning disabilities. At the same time, Plaintiff still seeks to admit testimony that W.A. is at an increased risk of delayed-onset seizures. The testimony regarding seizures is just as speculative as that regarding learning issues. Speculative testimony regarding future medical care or treatment is inadmissible. *Hendrix v. Evenflo, Co., Inc.*, 255 F.R.D. 568, 603 (N.D. Fla. 2009). "This is not a *Daubert* attack, . . . The question is one of evidentiary foundation, not the reliability of [the doctor's] methodology[.]" *Id*.

Dr. Mohanty flats testified that nobody knows how W.A. will do after her injury; his prognosis was a self-described "gray area." [Dr. Mohanty Depo. p. 55]. Plaintiff's argument that Carnival should be stuck with Dr. Mohanty's answers regarding seizures because it took his deposition is specious at best. Carnival took a discovery deposition of a treating physician. That Carnival took the deposition does not mean that all of his testimony is admissible against it despite the Rules of Evidence.

### b. Dr. Leonard Swischuk

Plaintiff's response does not particularly address Carnival's motion *in limine*. Dr. Swischuk can testify about what he actually saw on W.A.'s images during his treatment. At the same time, he cannot speculate about her future care, treatment, prognosis, or recovery. Plaintiff has agreed with Carnival that Dr. Swischuk will not provide ENT-specialty opinions.

### c. Dr. Robert Cullen

Dr. Cullen's testimony that W.A.'s prognosis may get worse going forward is pure speculation. He can testify to her current issues, as emphasized on page 15 of Plaintiff's response. Testimony about future medical issues is speculative, and should be excluded.

### d. Dr. Craig Lichtblau

Dr. Lichtblau's opinions are based on the other speculative medical testimony Plaintiff will try to bring out from her doctors. Dr. Lichtblau's testimony regarding future care, treatment, and prognosis is, in turn, speculative as well and should be excluded. This Court should further prevent him from independently speculating regarding W.A.'s future medical issues and treatment.

CASE NO.:  18-cv-20324-UU

                    Respectfully submitted,

                    MASE MEBANE & BRIGGS, P.A.
                    2601 South Bayshore Drive, Suite 800
                    Miami, Florida  33133
                    Telephone:  (305) 377-3770
                    Facsimile:   (305) 377-0080

                    By:   /s/ *Cameron W. Eubanks*
                        CAMERON W. EUBANKS
                        Florida Bar No. 85865
                        ceubanks@maselaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2018, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                          */s/ Cameron W. Eubanks*
                                          CAMERON W. EUBANKS

**SERVICE LIST**
**Elizabeth Amy et al. vs. Carnival Corporation**

Michael D. Michael D. Eriksen, Esq.
ERIKSEN LAW FIRM
2161 Palm Beach Lakes Blvd.
Suite 410
West Palm Beach, FL  33409-6611
Tel: (866) 493-9902 (Toll Free)
Fax: (561) 533-8715
mde@travelaw.com
*Attorneys for Plaintiffs*

19285/#1234