UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 18-cv-20324-MIDDLEBROOKS/MCALILEY

ELIZABETH AMY, as Parent,
Natural Guardian, and Next Friend
of W.A., a minor,

      Plaintiff,

vs.

CARNIVAL CORPORATION, a Panamanian
Corporation d/b/a CARNIVAL CRUISE LINE,

      Defendant.

_____/

## DEFENDANT'S *DAUBERT* MOTION TO EXCLUDE
## DR. LICHTBLAU'S TESTIMONY

Defendant, Carnival Corporation, a Panamanian Corporation, d/b/a Carnival Cruise Line ("Carnival"), pursuant to ECF No. 119, files this *Daubert* motion to exclude Dr. Lichtblau's testimony regarding (1) Plaintiff's alleged future risk of rape and abuse, (2) the Texas public school system, and (3) future care costs that were not disclosed in his updated report.

## Introduction

W.A. was a three year old passenger onboard the *Carnival Liberty*. She was travelling with her parents. While under the supervision of her parents, W.A. climbed a railing. She fell either over or through the railing to a lower deck. Elizabeth Amy ("Plaintiff") filed this lawsuit on behalf of her minor daughter, W.A.

Plaintiff retained Dr. Craig Lichtblau ("Dr. Lichtblau"). Dr. Lichtblau is a physical medicine and rehabilitation expert. Dr. Lichtblau was retained to provide opinions regarding life

care plan recommendations for W.A. Dr. Lichtblau offers opinions that should be excluded pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).

First, Dr. Lichtblau testified that W.A. has a future risk of getting raped and abused by men. This inflammatory testimony is nothing more than unsupported speculation. Second, he testified that the Texas public school system is less safe, has a shortage of teachers, and therefore W.A. should be placed in a private school. Dr. Lichtblau failed to research whether public school would be a viable option to meet W.A.'s educational needs. Dr. Lichtblau failed to research or apply any scientific or technical methodology as to those topics. Such testimony is not reliable. It must be precluded from trial. Finally, Dr. Lichtblau should be precluded from opining as to future care costs that were not disclosed in his updated report.

## Memorandum of Law

*Daubert* requires the district court to act as "gatekeeper to insure that speculative and unreliable opinions do not reach the jury." *United States v. Masferrer*, 367 F. Supp. 2d 1365, 1371 (S.D. Fla. 2005); *see also Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579 (1993). When analyzing a challenge to expert testimony under *Daubert*, a court must determine whether a proffered expert has employed "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). A trial court, in determining the admissibility of expert testimony under Rule 702, must conduct a "rigorous three-part inquiry," considering whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004); *Daubert*, 509 U.S. at 589; FED. R. EVID. 702. "The proponent of the expert testimony carries a substantial burden under Rule 702." *United States v. Masferrer*, 367 F. Supp. 2d 1365, 1371–72 (S.D. Fla. 2005); *see also Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1292 (11th Cir. 2005) ("The party offering the expert has the burden of satisfying each of these three elements by a preponderance of the evidence.").

As the gatekeeper, "[t]he trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned and not speculative before it can be admitted." *See* FED. R. EVID. 702, Advisory Committee Notes. When analyzing a challenge to expert testimony under *Daubert*, a court must determine whether a proffered expert has employed "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co.,Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). Here, Plaintiff cannot meet her substantial burden required by the second and third *Daubert* prongs because Dr. Lichtblau's methodology is flawed and his speculative conclusions would be more confusing and inflammatory than helpful to the jury.

**1. Dr. Lichtblau should be precluded from testifying regarding Plaintiff's alleged future risk of rape or abuse.**

Dr. Lichtblau testified that W.A., a now eight year old child, will be at a heightened risk of rape or abuse by men as an adolescent and adult. Dr. Lichtblau's opinion is nothing more than unsupported speculation. He does not use a reliable methodology to come to his conclusion. [*See* Dr. Craig Lichtblau's Deposition ("Lichtblau"), attached as *Exhibit 1*, p. 101-102; 108-110].  He admits he does not rely on any peer reviewed articles. [Lichtblau, p. 109]. Rather, he compares unrelated patient experiences and news in order to conclude that W.A. will have a heightened risk of rape, abuse, and danger. [Lichtblau, p. 110].

Dr. Lichtblau cannot point to any scientific method, experiment, or analysis to explain how

he came to his opinion.

> Q. So your opinion that W.A. may have this heightened risk for rape or abuse of men, what do you base that opinion on?

> A. Judgment, insight, sense of consequence and lack of.  I see it in my practice. I am constantly telling women to get away from the guy.  I am constantly counseling people on this is not a good situation for you. I've been in practice over 32 years and I can easily see this patient becoming a codependent and being in harm's way. My plan does -- is designed to keep her out of harm's way.

> Q. Right. But what is your opinion that she will have that heightened risk based on?

> A. Traumatic brain injury as -- in an unmyelinated brain and being -- having frontal lobe damage, which leads to lack of insight, a lack of judgment, a lack of consequence -- sense of consequence.

> Q. Are you relying on any peer-reviewed article regarding a heightened risk of rape or abuse?

> A. Well, I'm relying on the articles that talk about frontal lobe damage, yes.  Frontal lobe damage causes emotional problems, emotional behavior, inappropriate behavior, inappropriate judgment, insight, sense of consequence so that yes, I am on that.  You're asking –

> Q. Do those articles discuss heightened risk of rape or abuse of men?

> A. No, they don't discuss it like that, but in my clinical practice experience, we worry about that.

> Q. Okay.

> A.  Let me give you a perfect example.  What happened with this girl that got strangled by her boyfriend, this Preto [sic] girl that's been all over the news.  Was that good judgment, insight, and sense of consequence to stay with a guy that strangles you and beats you?  It's not a good idea…

[Lichtblau, p. 108-110]. His opinion is devoid of any reliable methodology or inquiry. He fails to

apply any scientific, technical, or specialized expertise in women's risk of getting raped, other than

his alleged "constantly telling women to get away from the guy." [*Id.*].

W.A. is an eight year old child. She is homeschooled by her mother. There is no evidence or testimony in this case to suggest W.A. lives in a risky environment where she would be exposed to rape or abuse. Dr. Lichtblau's opinion is purely speculative.  The topic of rape is highly sensitive and inflammatory. It is unrelated to the facts and issues in this case.  This testimony serves only to unfairly prejudice Carnival and confuse the jury with unrelated narratives. It must be excluded.

2. **Dr. Lichtblau should be precluded from providing opinions regarding the Texas public school system.**

Dr. Lichtblau recommended private school education if educational requirements are not provided in public school. [Updated Continuation of Care section of Dr. Craig Lichtblau's Updated Report ("Lichtblau Report"), attached as *Exhibit 2;* Lichtblau, p. 50-51; 53].  Dr. Lichtblau recommended special education help, including small class sizes and extra time accommodations. [Lichtblau, p. 50].

Dr. Lichtblau testified that the Texas public school system "is a mess," including teachers quitting and protesting. He relates this to the governor, vaccines, and having people wear masks. He also testified that a public school may not have a structured environment or close supervision.

He bases his opinions on the public school system on "speaking to a couple attorneys that were in Texas." [Lichtblau, p. 51]. He did not look into whether the Texas public school system provides the school services he believes W.A. needs. [*Id.*]. Dr. Lichtblau's testimony regarding the public school system lacks reasoning and reliability. His opinions are not based on any expertise or research. They are unreliable and unsupported speculation. They are unrelated to the issues in the case and would confuse the jury. Dr. Lichtblau's testimony regarding the public school system must be excluded.

MASE MEBANE SEITZ

**3. Dr. Lichtblau should be precluded from testifying regarding the costs of adult aide and attendant care, and dichotic hearing testing.**

Dr. Lichtblau authored two reports. His initial report was in 2018 before the case was dismissed. He authored an updated report when the case re-opened. Dr. Lichtblau recommended medical treatment, educational services, and aid services for W.A. He estimated the costs for most of his recommendations. For two of the recommendations: (1) Dichotic Hearing Testing, and (2) Aide and Attendant Care from 18 years old through life, Dr. Lichtblau indicated that the costs were "pending." *See* Lichtblau Report. Dr. Lichtblau should be precluded from testifying about costs that were not disclosed in his report.

Expert disclosures, including reports, must contain all of the opinions the expert is expected to present at trial. Here, the disclosure should contain the subject matter on which the doctors are expected to present evidence and a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C). The reader of the disclosures should know what opinions the doctor will offer and on what facts the doctor will base those opinions on. *See Jones v. Royal Caribbean*, Ltd., 2013 WL 8695361 at 4.

Here, Plaintiff's disclosure fails to disclose what Dr. Lichtblau's opinions are regarding the costs of future care for dichotic hearing testing, and aid and attendant care from age 18 through adulthood. Carnival cannot determine what opinions he will offer regarding the costs of those recommendations. Allowing Dr. Lichtblau to testify beyond what was disclosed would unfairly prejudice Carnival, as it cannot adequately prepare for cross-examination or have it's own experts look into the issue. Dr. Lichtblau should not be allowed to testify about costs that were not included in his report.

WHEREFORE, This Court should exclude Dr. Lichtblau's testimony regarding (1) Plaintiff's alleged future risk of rape and abuse, (2) the Texas public school system, and (3) future

care costs that were not disclosed in his updated report, and grant any other relief deemed just and proper.

**LOCAL RULE 7.1 CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to S.D. Local Rule 7.1(a)(3), undersigned counsel certifies that counsel for Defendant and Plaintiff conferred via zoom and electronic correspondence in good faith to resolve the issues set forth in this motion. Plaintiff's counsel objects to the relief sought.

Respectfully submitted,

MASE MEBANE SEITZ, P.A.
2601 South Bayshore Drive, Suite 800
Miami, Florida  33133
Telephone:  (305) 377-3770
Facsimile:   (305) 377-0080

By:     */s/ Lauren A. Levitt*
        CURTIS J. MASE
        Florida Bar No. 663034
        cmase@maselaw.com
        WILLIAM R. SEITZ
        Florida Bar No.: 73928
        wseitz@maselaw.com
        LAUREN A. LEVITT
        Florida Bar No.: 1011030
        llevitt@maselaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2021, I served a copy of the foregoing document via electronic mail on the parties listed on the Service List.

*/s/ Lauren A. Levitt*
LAUREN A. LEVITT

7

CASE NO.: 18-CV-20324-DMM

**<ins>SERVICE LIST</ins>**
**Case No.: 18-cv-20324-DMM**
**Elizabeth Amy v. Carnival**

Michael D. Eriksen, Esquire
mde@travelaw.com
linda@travelaw.com
caitlyn@travelaw.com
Eriksen Law Firm
P.O. Box 3618
Lantana, FL 33465
Tel:      866-493-9902
Fax:      561-533-8715
*Counsel for Plaintiff*

MASE MEBANE SEITZ